# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DWOODSON FULLER,       )
                       )
        Plaintiff,    )
                       )
v.                     )    No. CIV 15-225-RAW-SPS
                       )
DEVESHIA BUTLER et al., )
                       )
        Defendants.   )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss and the court's own motion to consider dismissal of the case under 28 U.S.C. § 1915. The court has before it for consideration Plaintiff's complaint (Dkt. 1) and the defendants' motion (Dkt. 20). Plaintiff has not filed a response to the motion.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Union City Community Corrections Center in Union City, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary, declaratory, and injunctive relief for alleged constitutional violations during his incarceration at the Idabel Community Work Center (ICWC) in Idabel, Oklahoma. The defendants are Deveshia Butler, ICWC Food Service Manager; Billy Dorris, ICWC Correctional Case Manager; and Anthony Rowell, Community Corrections Southeast Supervisor.

Plaintiff alleges that shortly after his arrival at ICWC, he was assigned to work in the kitchen/dining hall. On his first day of the job, Defendant Deveshia Butler called Plaintiff into her office and told him, "I have heard you are flirtatious with women, and there will be none of that here." Ms. Butler also said to Plaintiff, "You know that if I tell the officers anything, they will believe me over you." Plaintiff told Ms. Butler he had no idea of what she was talking about, and he was there only to work and serve his time, so he could return to his family sooner. (Dkt. 1 at 3).

Plaintiff further alleges that on February 24, 2015, at approximately 9:15 a.m., he was working in the dining hall when Ms. Butler falsely alleged to Cpl. Mitchell Bishop that Plaintiff had "touched her buttock." Cpl. Bishop advised Lt. James Daniell of the allegations, and Cpl. Bishop reviewed the security camera to determine if Ms. Butler's claim was true. According to separate Incident Reports, "the camera did not show physical contact." Defendant Butler, however, was adamant that the incident had occurred. Lt. Daniell advised A.D.S. Hankins of the situation, and Hankins advised placement of Plaintiff in the McCurtain County Jail pending an investigation. Plaintiff was handcuffed and transported to the jail. (Dkt. 1 at 3-4).

Plaintiff asserts he was very fearful, because an accusation of a sexual nature can lead to extreme violence against the accused in a jail or prison. He was aware that other inmates would be unlikely to believe he was innocent. He also feared discrimination, deliberate indifference, and the possibility of retaliation by staff members, because of the nature of Defendant Butler's accusation. In addition, Plaintiff complains that when was transported to the jail, his earned credit level immediately was dropped from Level 4 to Level 2, reducing his monthly earned credit rate from 90 days to 50 days, thus increasing his length of incarceration. (Dkt. 1 at 4).

On March 4, 2015, Defendant Dorris conducted Plaintiff's disciplinary hearing. Plaintiff advised Dorris that he was innocent of the charge and requested a viewing of the video to prove his innocence. Dorris allegedly ignored Plaintiff's claims and his request to watch the video and found Plaintiff guilty of the charge, relying solely on Defendant Butler's statement in the Incident Report. Dorris allegedly told Plaintiff, "[B]ecause it is her word against yours, I have to side with staff over you." The punishment for this misconduct conviction was revocation of 60 earned credits, a $10.00 fine, and extra duty. Plaintiff's security level was increased to minimum security, meaning he would be transferred to a prison facility. Plaintiff remained at the McCurtain County Jail an additional 15 days and then was transferred to the Howard McLeod Correctional Center on March 18, 2015. (Dkt.

2

1 at 4).

Plaintiff's alleges his fear and anxiety increased substantially when he learned he was being transferred to a correctional facility instead of a work center. He was aware of the prevalence of violence in the Oklahoma prison system, especially toward those charged with sexual crimes. Plaintiff spoke to the facility psychologist several times because of his anxiety and fear of violence from other inmates and retaliation from staff members. He claims he is terrified to communicate with female staff because of Defendant Butler's charge. (Dkt. 1 at 4-5).

On March 12, 2015, Plaintiff filed an Offender Misconduct Appeal form which was denied by Defendant Anthony Rowell (Dkt. 1 at 16). Plaintiff also filed a Request to Staff to Defendant Rowell on March 19, 2015, seeking an apology and appropriate disciplinary action against Defendant Butler for her false and slanderous claim against him. *Id.* at 14. Defendant Rowell's response to the Request to Staff stated the "finding of misconduct was based on FSM Butler's testimony, not video evidence." *Id.*

Plaintiff next filed an Offender Misconduct Appeal Form to the Administrative Review Authority (ARA). *Id.* at 16. The ARA reviewed the video evidence, and on April 21, 2015, the DOC Director's Designee ordered the charge be dismissed and expunged from Plaintiff's record. *Id.* at 15.

Plaintiff complains this incident resulted in his having to serve time at a higher security level. He further alleges he has been forced to remain incarcerated longer than he should be, partly because his parole was denied as a result of this charge. In addition, his lost earned credits have not been restored, and he has not been returned to Level Four.

**Standard of Review**

The defendants have filed a motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Dkt. 20). In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*,

3

561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint for sufficiency for purposes of a Rule 12(b)(6) motion, the court also considers the attachments to the complaint. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Although the court is required to exercise a liberal interpretation of the plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for the plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). With these standards in mind, the court turns to the merits of the defendants' motion.

**Eleventh Amendment Immunity**

The defendants allege they are entitled to Eleventh Amendment immunity. "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir.1998). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

The Court, therefore, dismisses Plaintiff's official-capacity claims against the three

defendants. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

**Declaratory Relief**

Plaintiff is seeking a declaration that the acts described in the complaint "violated . . . [his] rights under the Constitution of the United States" (Dkt. 1 at 8). Plaintiff's request for retrospective declaratory relief also is barred by the Eleventh Amendment. If the declaratory relief sought is related only to "past violations of federal law," it is barred. *Green v. Mansour*, 474 U.S. 64, 67 (1985). This type of relief is considered retrospective "to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred." *Winsness v. Yocom*, 433 F.3d 727, 735 (10th Cir. 2006) (citation omitted). The Eleventh Amendment bars this request for relief. *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

**Mental and Emotional Distress Claims**

Plaintiff is seeking recovery for the mental and emotional distress he suffered from being wrongfully convicted of a misconduct arising from allegations of sexual misconduct. The Prison Litigation Reform Act (PLRA) requires physical damages prior to bringing suit in federal court. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). While claims for mental and emotional distress can be brought pursuant to § 1983, § 1997e(e) provides that "such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kansas Dep't of Corrections,* 165 F.3d 803, 807 (10th Cir. 1999) (quotations omitted). Because Plaintiff cannot make this showing, he cannot maintain an action under § 1983 for emotional distress.

**Disciplinary Proceedings**

The defendants allege Plaintiff's due process claim regarding his disciplinary proceedings fails to state a claim upon which relief can be granted. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell* 418 U.S. 539, 556 (1974).

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours' advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). A review of the record indicates the requirements of *Wolff* were met in petitioner's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing.

The record shows that the incident occurred on February 24, 2015 (Dkt. 1 at 10-11). Plaintiff received advanced written notice of the charges against him, and he was provided at least 24 hours to preparing after receiving notice of the charge before the hearing was conducted. *Id.* at 17. The hearing date was set for March 4, 2015, and Plaintiff was provided the opportunity to call witnesses. *Id.* at 12, 17.[1] He requested the video of the event as evidence. *Id.* at 12. The hearing was conducted on the scheduled date, and a written statement was provided to Plaintiff stating the evidence relied upon was the "incident report from FSM1 Deveshia Butler." *Id.* at 13. The Disciplinary Hearing Report also stated the

---

[1] The defendants allege Plaintiff identified three witnesses, but none was willing to provide a statement.

basis for the discipline imposed was "to deture [sic] behavior like this in the future." *Id.*

Plaintiff appealed the disciplinary hearing results, claiming (1) he was not provided a hearing officer with no direct involvement, and (2) there was no evidence. *Id.* at 16. The facility head affirmed the disciplinary action, finding Plaintiff had not supported his claim that the hearing officer had direct involvement, and Defendant Butler's written statement that Plaintiff walked behind her and touched her buttocks indicated there was evidence to support the misconduct. *Id.* at 17. Plaintiff next appealed to the Administrative Review Authority, which dismissed and expunged the misconduct on April 21, 2015. *Id.* at 15.

After careful review, the Court finds the complaint and attachments show the requirements of *Wolff* were met in Plaintiff's case. In addition, the court is satisfied there existed some evidence in the record to support the conclusion that resulted from the disciplinary hearing. Furthermore, Plaintiff received relief from the conviction through the ARA appeal process. Therefore, Plaintiff has failed to state a claim for denial of due process in the disciplinary proceedings.

**Parole Consideration**

As for Plaintiff's claim that the misconduct affected his consideration for parole, the Oklahoma statutes governing parole do not establish a liberty interest, protected by specific due process procedures. *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979). "Parole is a privilege; there is no constitutional or inherent right to parole." *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992), *cert. denied*, 506 U.S. 1008 (1992) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S 1, 7 (1979). There is no merit in this claim.

**Exhaustion of Administrative Remedies**

The defendants allege Plaintiff has failed to exhaust the administrative remedies for his claims concerning restoration of earned credits, earned credit level, or any Eighth Amendment claim. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison,

or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the DOC Offender Grievance Process, OP-090124, "Records/Sentence Administration" is a grievable issue (Dkt. 20-1 at 6). An inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. *Id.* If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. *Id.* at 7. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the Review Authority (warden's office), asserting only the issue of the lack of response to the RTS. *Id.* at 8. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance within 15 calendar days of the date of the response to the Request to Staff. *Id.* at 8-11. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority (ARA) or the Chief Medical Officer. *Id.* at 11-15. The administrative process is exhausted only after all of these steps have been taken. *Id.* at 14.

Mark Knutson, the DOC Director's Designee, has submitted an affidavit stating he reviewed his records and did not find an appeal to the ARA regarding Plaintiff's issues of restoration of earned credits, increase of earned credit level, or any allegation that Plaintiff

8

has suffered depression or anxiety as a result of being accused of a sexual offense (Dkt. 20-2). As discussed above, Plaintiff asserts he sent an RTS to Defendant Rowell on March 19, 2015, requesting action against Defendant Butler's "slanderous and false accusation of touching her on the buttock" (Dkt. 1 at 14). Relief was denied on April 1, 2015, but there is no record of Plaintiff's completion of the grievance process through an ARA appeal. As for Plaintiff's lost earned credits, his earned credit level, and his Eighth Amendment claims, there is no evidence he began the grievance process.[2] Therefore, these claims must be dismissed without prejudice for failure to exhaust administrative remedies.

**Conclusion**

The Court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** this 20th day of September 2016.

**Dated this 20th day of September, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] The defendants also allege Plaintiff's misconduct was reversed and expunged, his lost earned credits were restored, and he was promoted to earned credit Level 4, making these claims moot. *See Craft v. Jones*, 473 F. App'x 843, 845-46 (10th Cir. 2012) ("Applicant's other claims were mooted when prison officials set aside his disciplinary conviction . . . .").